# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JOSE LUIS CALVO-SAUCEDO, | ) | CASE NO. 4:12CV1128 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| CORRECTIONS CORPORATION OF | ) | AND ORDER |
| AMERICA, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

*Pro se* plaintiff Jose Luis Calvo-Saucedo filed this *Bivens*[1] action against Corrections Corporation of America ("CCA"), the Northeast Ohio Correction Center ("NEOCC"), NEOCC Warden Michael Pugh, NEOCC Physician Dr. Rupecka, NEOCC Unknown Corrections Officer(s), and the NEOCC Medical Emergency Response Team ("NEOCC MERT"). In his complaint, the plaintiff alleges the defendants were negligent in providing treatment and care when he suffered a seizure. He seeks monetary and injunctive relief.

## I. BACKGROUND

Plaintiff is a federal prisoner in the custody of the Bureau of Prisons and is housed in NEOCC, a private prison owned and operated by CCA. He claims he was given a physical examination upon his arrival at NEOCC. Medical staff noted no substantial medical conditions at that time.

On August 31, 2011, plaintiff claims that he suffered a seizure. The NEOCC MERT, comprised of unknown corrections officers and medical staff, responded to his cell

---

[1] *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).

where they found him unconscious. He contends he was placed in a wheelchair and then onto a stretcher. He indicates he was mishandled and dropped several times as he continued to have convulsions. He suffered several compression fractures in his spine and myocardial injury. He was not placed in restraints. Next, he alleges he was transported by ambulance to St. Elizabeth's Hospital in Youngtown, Ohio and was released two days later with medication for the pain. He claims he has requested further diagnosis regarding his seizure but his request has been denied. He contends he has a walker and a spinal belt that does not fit properly. He claims defendants were negligent in responding to his emergency in violation of the Eighth Amendment. He also asserts claims for violation of the Alien Torts Act.

## II. STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. A plaintiff is not required to include detailed factual allegations, but must provide more than

"an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff.

### III.   ANALYSIS

#### A.  *Bivens* Claims

As an initial matter, plaintiff does not have recourse against CCA or NEOCC under *Bivens*. *Bivens* provides a limited cause of action against individual federal government officers alleged to have acted unconstitutionally under color of federal law. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001). *Bivens*'s purpose is to deter individual federal officers, not agencies, from committing constitutional violations. A *Bivens* action therefore cannot be brought against an entity such as a federal prison, the Bureau of Prisons, or the United States Government. *Id*.

CCA, which owns and operates NEOCC, is a private corporation. To avoid imposing asymmetrical liability costs on private prison facilities, the Supreme Court declined to expand *Bivens* to provide this cause of action against a private prison corporation. *Id*. at 70-74. (pointing out that when a prisoner in a Bureau of Prisons facility alleges a constitutional deprivation, his only remedy lies against the offending individual officer). Plaintiff therefore cannot bring his *Bivens* claims against CCA or against NEOCC.

Plaintiff also has no cause of action under *Bivens* against Warden Pugh, Dr. Rupecka, the Unknown Corrections Officer or the individuals on the NEOCC MERT. The Supreme Court has further declined to extend *Bivens* to a private prison's employees under certain circumstances. *Minneci v. Pollard*, 132 S. Ct. 617, 622-23 (2012).

> A federal prisoner seeking damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here), must seek a remedy under state tort law. A *Bivens* remedy cannot be implied.

*Id.* at 626. Thus, although plaintiff has a remedy under state tort law for the conduct alleged in his complaint, he has not stated a cause of action under *Bivens* against the individual employees of CCA or NEOCC.

### B. Alien Tort Statute

Plaintiff also asserts that he is entitled to relief under the Alien Torts Act. The Alien Tort Statute ("ATS"), more commonly known as the Alien Tort Claims Act, was passed by the First Congress in 1789. *See* Judiciary Act of 1789, ch. 20, § 9(b), 1 Stat. 73, 76-77 (codified, as amended, at 28 U.S.C. § 1350 (2000)). In its current form, the Alien Tort Statute ("ATS") provides in its entirety: "The district courts shall have original jurisdiction of any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States." 28 U.S.C. § 1350.

In *Sosa v. Alvarez-Machain*, 542 U.S. 692 (2004), the Supreme Court set forth a framework for determining whether a cause of action falls within the purview of the ATS. After conducting a lengthy historical review, the Court found that at the time the ATS was enacted only three actions were generally recognized as infractions of the law of nations: piracy, offenses against ambassadors, and violations of safe conduct. *Id*. at 724. In addition to these traditional law of nations violations, other causes of actions based upon present-day law of nations may be cognizable under the ATS if the claim "both rest[s] on a norm of international character accepted by the civilized world and [is] defined with a specificity comparable to the features of the

4

[aforementioned] 18th-century paradigms." *Id*. at 725.

The Supreme Court cautioned, however, that while "the door is still ajar [on ATS claims, such claims are] . . . subject to vigilant door-keeping, and thus open to a narrow class of international norms today." *Id*. at 729. The Sixth Circuit has explained that while "the ATS holds great potential to bring justice to certain serious violations of human, civil, and environmental rights in a federal forum," that statute, "by no means, supplies jurisdiction over every wrong committed against an alien." *Taveras v. Taveraz*, 477 F.3d 767, 771 (6th Cir. 2007).

In this case, plaintiff does not provide any basis for his claim under the ATS. He does not identify a "treaty of the United States" with any potential application to the instant case. As set forth above, the three original laws of nations identified in the 18th century were piracy, offenses against ambassadors, and violations of safe conduct. *Sosa*, 542 U.S. at 724. There are no allegations in the Complaint suggesting a violation of any of this original law of nations. Specifically, there is no indication of an act of robbery or depredation committed upon the high seas, which is a fundamental element of the offense of piracy. *Taveras*, 477 F.3d at 772, fn 2. Further, there are no allegations of any kind regarding any potential offenses against an ambassador. Finally, with regard to the violation of safe conduct, the Sixth Circuit has explained, "a violation of safe conduct occurs when an alien's privilege to pass safely within and through the host nation is infringed and the alien consequently suffers injury to their 'person or property.'" *Id.* at 773 (quoting 4 WILLIAM BLACKSTONE, COMMENTARIES ON THE LAWS OF ENGLAND, 68-69 (1769)). Even when liberally construed, there are no allegations in the complaint suggesting that defendants violated plaintiff's right to safe conduct under the law of nations.

It is possible that plaintiff is attempting to argue a cause of action based upon

5

"present-day law of nations," as suggested in *Sosa*, *supra*. To fall within this provision of the ATS, however, the alleged tortious conduct must violate "well-established universally recognized norms of international law." *Taveras*, 477 F.3d at 776. Plaintiff's complaint is based upon what appears to be medical malpractice and negligence, not a violation of international law. Accordingly, plaintiff's claims under the ATS are dismissed.

### IV. CONCLUSION

For all the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

**IT IS SO ORDERED**.

Dated: November 9, 2012

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[2] 28 U.S.C. § 1915(a)(3) provides, in pertinent part, "An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."